**Lawrence H. GILL, 413 North Creek Drive, Depew, New York 14043, Plaintiff,**

v.

**Robert Edward WILLER, 2025 Bush Road, Grand Island, New York 14072, Defendant.**

No. Civ–78–581.

United States District Court, W. D. New York.

Jan. 16, 1980.

---

Joseph R. Glownia, Elma, N.Y., for plaintiff.

Moriarty, Allen, Lippes & Hoffman, Buffalo, N.Y., for defendant; Robert B. Moriarty, Buffalo, N.Y., of counsel.

CURTIN, District Judge.

This is an action for damages which alleges the willful interception, disclosure and use of telephone conversations in violation of the Omnibus Crime Control and Safe Streets Act of 1968 [the "Act"], 18 U.S.C. §§ 2510–2520. Plaintiff alleges in his complaint that he placed numerous telephone calls to defendant's wife while she was at home at 2025 Bush Road, Grand Island, New York. The complaint further alleges that on numerous occasions defendant affixed or caused to be affixed a device which intercepted and recorded conversations between plaintiff and defendant's wife, as a result of which plaintiff has been injured. Plaintiff also claims that defendant has played the tape recordings before other persons for the purpose of ridiculing him. Finally, plaintiff asserts that defendant's actions constitute a violation of the Penal Law of the State of New York. Defendant has made a motion to dismiss the complaint for failure to state a claim.

Plaintiff alleges that defendant has violated 18 U.S.C. § 2511(1)(a). This provision decrees that

(1) Except as otherwise *specifically provided* in this chapter *any person* who—

(a) willfully intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire or oral communication;

\* \* \* \* \* \*

(d) willfully uses, or endeavors to use, the contents of any wire or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire or oral communication in violation of this subsection;

shall be fined not more than $10,000 or imprisoned not more than five years, or both.

(Emphasis supplied). The Act also authorizes recovery of civil damages. 18 U.S.C. § 2520 provides in relevant part:

Any person whose wire or oral communication is intercepted, disclosed, or used in violation of this chapter shall (1) have a civil cause of action against any person who intercepts, discloses, or uses, or procures any other person to intercept, disclose, or use such communications, and (2) be entitled to recover from any such person—

(a) actual damages but not less than liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher;

(b) punitive damages; and

(c) a reasonable attorney's fee and other litigation costs reasonably incurred.

Plaintiff brings his action pursuant to this authorization.

Defendant's motion to dismiss asserts that the provisions of the Act set out above do not proscribe the electronic interception

by a husband of his wife's conversations with a third party. This assertion appears to contradict the clear meaning of § 2511(1)(a) which is to prohibit the interception of *all* wire communications by *any person* except as specifically provided in the Act. Moreover, § 2520 provides a cause of action to any person who is the victim of a violation of § 2511(1)(a). The definition of "person" contained in the Act includes "any individual." 18 U.S.C. § 2510(6). Under this plain reading of the statute, plaintiff's allegations would sufficiently state a claim so as to survive a motion to dismiss.

In spite of the clear language of the statute, defendant is not without authority for his position. He relies principally on two cases, *Simpson v. Simpson*, 490 F.2d 803 (5th Cir.), cert. denied, 419 U.S. 897, 95 S.Ct. 176, 42 L.Ed.2d 141 (1974), and *Anonymous v. Anonymous*, 558 F.2d 677 (2d Cir. 1977). In *Simpson*, a defendant husband attached a wiretapping device to his family phone and intercepted his wife's telephone conversations. He then used the intercepted information to obtain a divorce. The Fifth Circuit held that the Act does not proscribe the interception by one spouse of the other's telephone conversations in the marital home. In *Anonymous*, a defendant allegedly had intercepted and taped telephone conversations between his daughter and plaintiff, his ex-wife. The court defined the issue as requiring resolution of the point "interspousal wiretaps leave the province of mere marital disputes, a matter left to the states, and rise to the level of criminal conduct proscribed by the federal wiretap statutes." *Anonymous, supra*, at 677. The Second Circuit held that since a purely domestic conflict was involved, in which only the conversations between a mother and daughter were intercepted by a husband, the particular facts of that case did not rise to a violation of the Act. In so holding, the court relied on what has been termed the "extension phone exemption" of the Act, 18 U.S.C. § 2510(5)(a)(i). *Id.*, at 678–79. This provision allows a normal user of an extension phone to listen in to conversations on the same line without being subject to liability under the Act. I do not believe that either case is persuasive authority to justify dismissal of this action.

As one court has recently discussed in great detail, the reasoning of the *Simpson* decision is open to serious question. *See Kratz v. Kratz*, 477 F.Supp. 463 (E.D.Pa., 1979); *United States v. Jones*, 542 F.2d 661 (6th Cir. 1976). The Fifth Circuit's decision ignored the accepted canon of statutory interpretation that resort to legislative history is not ordinarily undertaken unless a statutory provision is unclear or ambiguous. *United States v. Oregon*, 366 U.S. 643, 648, 81 S.Ct. 1278, 6 L.Ed.2d 575 (1961). As discussed above, the Act clearly provides that *any* person whose phone conversations are intercepted shall have a civil action against *any* person who intercepts, discloses or uses such communication, except as specifically provided. Moreover, as Chief Judge Lord's discussion in *Kratz* explained, the Fifth Circuit's interpretation of the legislative history is not persuasive. Congress was well aware of the widespread use of private electronic surveillance employed in domestic relations cases and chose to enact a blanket prohibition. *See Kratz, supra*, at 13–15; *Jones, supra*, at 667–69; Sen. Rep.No. 1097, 90th Cong., 2d Sess., *reprinted in* U.S.Code Cong. & Admin.News 1968, p. 2112. The reasoning of *Simpson* is not persuasive.

The other case pointed to by defendant, *Anonymous*, relied on the "extension phone exemption," and, unlike the facts in this action, there was no non-family member involved, such as the plaintiff here. The plaintiff claims that his telephone conversations with defendant's wife were intercepted and that the tape was played before other persons. The dispute here is not confined to the marital abode nor is there any claim that the extension phone exemption applies. Therefore, *Anonymous* does not support defendant's motion to dismiss. I believe the allegations in plaintiff's complaint state a claim under the Act. *Kratz, supra; see Jones, supra*. Defendant's motion to dismiss is denied.

So ordered.