## 21455

Vernon E. BAUMRIND, Respondent, v. James H. EWING, M.D.,
Individually and as a Professional Association, Appellants.

(279 S. E. (2d) 359)

*Edward J. Dennis, IV,* of *Dennis, Dennis & Watson,* Moncks Corner, and *Robert L. Kilgo, Sr., Kilgo, Alexander & Kilgo,* Darlington, *for appellants.*

*Jan L. Warner,* Sumter, *for respondent.*

May 19, 1981.

Gregory, Justice:

Respondent Vernon E. Baumrind brought this action for alienation of affection and criminal conversation against appellants James H. Ewing, M.D., individually and as a Professional Association [Ewing]. Before trial Ewing moved to suppress certain recorded telephone conversations as violative of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C., § 2510, et seq. [the Act]. The trial judge

found the Act inapplicable and denied the motion. This appeal followed. We affirm.

The recordings in question are the product of interspousal espionage. Suspecting his wife's infidelity, Baumrind installed an extension telephone and recording device in the upstairs closet of the marital home. Neither the phone nor the recorder was obtained from a communications carrier in the course of business. Both were installed on Baumrind's initiative and without assistance.

Pretending he was going to work, Baumrind would park his car at a church nearby and slip back into the home. He sometimes spent entire days listening in on and recording his wife's telephone conversations with Ewing. It is the fruits of these protracted eavesdropping sessions which Ewing seeks to suppress as violative of the Act.[1]

We have examined the legislative history of the Act and concur in the judgment of the United States Court of Appeals for the Fifth Circuit that the task was "long, exhaustive and inconclusive." *Simpson v. Simpson,* 490 F. (2d) 803, 806 (5th Cir. 1974), cert. denied, 419 U. S. 897, 95 S. Ct. 176, 42 L. Ed. (2d) 141 (1974). There can be no doubt, however, that the congressional intent and the naked language of the statute itself call for a broad prohibition against the interception of wire or oral communication.

Although the legislation is not limited in its application to criminal proceedings, S. Rep. 1097, reprinted in U. S. Code

---

[1] The Act provides in pertinent part:

"2511—Interception and disclosure of wire or oral conversations prohibited

(1) Except as otherwise specifically provided in this chapter any person who—

    (a) willfully intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire or oral communications;

\*   \*   \*   \*   \*

    (d) willfully uses, or endeavors to use, the contents of any wire or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire or oral communication in violation of this subsection;

shall be fined not more than $10,000 or imprisoned not more than five years, or both." 18 U. S. C. § 2511(a) & (d).

Cong. & Admin. News, 1968, 90th Cong., 2d Sess., at 2185, the impetus behind its enactment was clearly the desire to combat organized crime. Id., at 2157. That primary purpose notwithstanding, the legislative history does reflect a congressional intent that the Act embrace wiretapping in the field of domestic affairs as well.[2] The extent of its breach is the critical question before us.

The federal appellate courts which have faced the issue we meet here are sharply divided. The Fifth Circuit in a case similar to the one at bar recognized an implied interspousal wiretap exception to the Act, concluding "Congress did not intend such a far-reaching result, one extending into areas normally left to the states, those of the marital home and domestic conflicts." *Simpson v. Simpson,* supra, 490 F. (2d) at 805; accord, *Anonymous v. Anonymous,* 558 F. (2d) 677 (2nd Cir. 1977) [Simpson rationale extended to include all family members].

In contrast, the Sixth Circuit Court of Appeals found the broad and clear language of the Act to express "a blanket prohibition on all electronic surveillance except under circumstances specifically enumerated in the statute." *United States v. Jones,* 542 F. (2d) 661, 667 (6th Cir. 1976). Congress was certainly aware of the use of wiretap surveillance in domestic cases, the *Jones* court reasoned, but chose not to specify the "interspousal tap" as an excepted circumstance. Accordingly, the Sixth Circuit in *Jones* held the Act to apply.

Reason exists for the adoption of either view. Nevertheless we are persuaded by the analysis the Fifth Circuit employed in *Simpson,* which we find more factually apposite to the case at bar. *Jones* involved a wiretap by a husband of his *estranged* wife's telephone, whereas in *Simpson* the parties

---

2 Senator Strom Thurmond commented: "A broad prohibition is imposed on private use of electronic surveillance, *particularly in domestic relations* and industrial *espionage situations.*" (emphasis ours) S. Rep. 1097, *reprinted* in U. S. Code Cong. & Admin. News, 1968, 90th Cong. 2d Sess., at 2274.

lived together at the time of the wiretap. See also, *Rickenbaker v. Rickenbaker,* 290 N. C. 373, 226 S. E. (2d) 347 (1976).

Here there is no third party surveillance involved; the husband, not a private investigator, conceived and employed the eavesdropping technique. The *Simpson* court felt private investigators conducting surveillance to be the real target of the Act in the domestic field. Moreover, the expectations of privacy of both Mrs. Baumrind and Dr. Ewing should reasonably be more restricted in conversations which could easily be overheard within the marital home. Had the Baumrinds been living separate and apart, the conversants' expections of privacy would be greater; but whether a wiretap under those circumstances would, perhaps, dictate a different result we do not reach.

We hold the husband's conduct, under the circumstances that exist, is beyond the grasp of the federal statute. Domestic conflicts are traditionally and properly matters of state interest. We cannot believe Congress intended this legislation to intrude as far as this case would take it. The trial judge correctly denied the motion to suppress. We affirm his order and remand for trial.

Affirmed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.