**Donald Ray PRITCHARD, Appellant,**

v.

**Zee Warren PRITCHARD, Appellee.**

**No. 83–1739.**

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 13, 1984.

Decided April 16, 1984.

Randy D. Duncan, Hickory, N.C., for appellant.

Keith Bridges, Hickory, N.C. (J. Richardson Rudisill, Jr., Rudisill & Brackett, Hickory, N.C., on brief), for appellee.

Before PHILLIPS and CHAPMAN, Circuit Judges and HAYNSWORTH, Senior Circuit Judge.

CHAPMAN, Circuit Judge:

The sole issue in this appeal is whether the district court erred in dismissing under Federal Rules of Civil Procedure 12(b)(6) a cause of action in which plaintiff alleged that his wife had willfully intercepted and recorded his telephone conversations in violation of Title III of the Omnibus Crime Control and Safe Streets Act of 1968 (Title III). 18 U.S.C. §§ 2510–2520. Because we find that the language of the statute is not susceptible to the engrafting of an interspousal exception, we reverse the judgment of the district court and remand the case.

I

In his complaint Donald Ray Pritchard (plaintiff) alleges that his former wife, Zee Warren Pritchard (defendant) intercepted and used his telephone conversations by attaching a wiretapping device to the family phone. Plaintiff claims that his conversations were recorded without his knowledge or consent. The district court granted defendant's motion to dismiss the complaint on grounds of failure to state a claim upon which relief could be granted. Acknowledging that the language of the statute reached the case, the court chose to adopt the holding of *Simpson v. Simpson,* 490 F.2d 803 (5th Cir.), *cert. denied,* 419 U.S. 897, 95 S.Ct. 176, 42 L.Ed.2d 141 (1974) that Congress did not intend for Title III to prohibit interspousal wiretaps placed on telephones in the marital home.

II

The arguments of the two parties are articulated in the two distinct, well-recognized lines of cases interpreting application of the wiretap statute to facts involving a married couple. Defendant relies primarily on *Simpson* for the contention that the statute includes an implied exception where one spouse conducts a wiretap of the conversations engaged in by the other spouse. Plaintiff cites *United States v. Jones,* 542 F.2d 661 (6th Cir.1976) and *Kratz v. Kratz,*

477 F.Supp. 463 (E.D.Pa.1979) as the leading cases interpreting Title III to prohibit all wiretapping activities other than those expressly authorized.[1]

As recognized by the *Simpson* court, the language of the statute is broad and inclusive. In pertinent part, 18 U.S.C. § 2511(1) provides that:

> Except as otherwise specifically provided in this chapter any person who—
>
> (a) willfully intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire or oral communication;
>
> \* \* \* \* \* \*
>
> (c) willfully discloses, or endeavors to disclose, to any other person the contents of any wire or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire or oral communication in violation of this subsection . . .
>
> \* \* \* \* \* \*
>
> shall be fined not more than $10,000 or imprisoned not more than five years, or both.

Recovery of damages in a civil cause of action is authorized by 18 U.S.C. § 2520 which provides in part:

> Any person whose wire or oral communication is intercepted, disclosed, or used in violation of this chapter shall . . . have a civil cause of action against any person who intercepts, discloses, or uses, or procures any other person to intercept, disclose, or use such communications . . . .

The statutory definition of "person" includes "any individual." 18 U.S.C. § 2510(6). An exception to the coverage of the act is provided for use of an extension phone or similar device in 18 U.S.C. § 2510(5)(a)(i):

> (5) "electronic, mechanical, or other device" means any device or apparatus which can be used to intercept a wire or oral communication other than—
>
> (a) any telephone or telegraph instrument, equipment or facility, or any component thereof, (i) furnished to the subscriber or user by a communications common carrier in the ordinary course of its business . . .

### III

In light of the clarity and lack of ambiguity of the statutory language, an analysis of the legislative history would not appear to be necessary. *United States v. Oregon,* 366 U.S. 643, 648, 81 S.Ct. 1278, 1281, 6 L.Ed.2d 575 (1961), *cited in United States v. Jones,* 542 F.2d at 667. The *Simpson* court and other courts faced with the issue have, however, examined the legislative history in an effort to determine the intent of Congress on the issue of wiretapping between spouses. In *Simpson* the court concluded that its search of legislative materials had been "long, exhaustive, and inconclusive," yielding "no direct indications" that Congress intended for the statute to reach interspousal wiretaps conducted in the marital home although the court had found "several scattered suggestions that [Congress] was aware that the statute's inclusive language might reach this case." 490 F.2d at 806. In *Jones* and *Kratz,* however, an analysis of the legislative history led to the conclusion that the legislative history "evince[d] a congressional awareness of the widespread use of electronic eavesdropping in domestic relations cases, *and* a congressional intent to prohibit such

---

1. Other published opinions in which district courts have followed *Jones* and *Kratz* include *Flynn v. Flynn,* 560 F.Supp. 922 (N.D.Ohio 1983); *Heyman v. Heyman,* 548 F.Supp. 1041 (N.D.Ill. 1982); *Citron v. Citron,* 539 F.Supp. 621 (S.D.N.Y.1982) (complaint dismissed on grounds that defendant's wiretapping activity was not willful); *Gill v. Willer,* 482 F.Supp. 776 (W.D.N.Y. 1980); *Remington v. Remington,* 393 F.Supp. 898 (E.D.Pa.1975) (decided in part by distinguishing *Simpson* factually). See also Comment, *Interspousal Electronic Surveillance Immunity,* 7 Toledo L.Rev. 185 (1975).

In *Rickenbaker v. Rickenbaker,* 290 N.C. 373, 226 S.E.2d 347 (1976) the North Carolina Supreme Court both criticized the *Simpson* analysis and distinguished the case factually. *But see Baumrind v. Ewing,* 276 S.C. 350, 279 S.E.2d 359, *cert. denied* 454 U.S. 1092, 102 S.Ct. 657, 70 L.Ed.2d 630 (1981) in which the South Carolina Supreme Court followed *Simpson.*

eavesdropping." *Kratz,* 477 F.Supp. at 470. (Emphasis in original.) *See also Jones,* 542 F.2d at 669. Specific references that are persuasive include the testimony before the Subcommittee on Administrative Practice and Procedure of the Senate Judiciary Committee of Professor Robert Blakey. Blakey, who is recognized as the author of Title III, commented that "private bugging in this country can be divided into two broad categories, commercial espionage and marital litigation." *quoted in Jones* 542 F.2d at 669.

The *Kratz* court found further indication of congressional intent in comments made during the Hearings on *Invasion of Privacy Before the Subcommittee on Administrative Practice and Procedure of the Senate Judiciary Committee.* Senator Long, the chairman of the subcommittee, "noted that the three major areas in which private electronic surveillance was widespread were '(1) industrial (2) divorce cases, and (3) politics.' " 477 F.Supp. at 471.

Another explicit acknowledgement of the scope of the statute is found in the comments of Senator Hruska, joined in by Senators Dirksen, Scott and Thurmond that "[a] broad prohibition is imposed on private use of electronic surveillance, particularly in domestic relations and industrial espionage situations." S.Rep. No. 1097, *reprinted in* 2 U.S.Code Cong. and Admin. News 1968, 90th Cong., 2d Sess. at pp. 2112, 2274, *quoted in Jones,* 542 F.2d at 669.

### IV

Although we agree with *Simpson* to the extent that it stands for the narrow proposition that state and not federal courts are better suited to handle domestic conflicts, 490 F.2d at 805, we find that Title III prohibits all wiretapping activities unless specifically excepted. There is no express exception for instances of willful, unconsented to electronic surveillance between spouses. Nor is there any indication in the statutory language or in the legislative history that Congress intended to imply an

exception to facts involving interspousal wiretapping.

### REVERSED AND REMANDED.