## 22286

Jimmy R. MARTIN, Respondent, v. David FLOYD, Appellant.
(328 S. E. (2d) 637)

Supreme Court

---

[2] Service by publication is not allowed in every case in which a plaintiff can not locate a resident defendant.

*Hans F. Paul,* Charleston, *for appellant.*

*N. Edward Horowitz,* Charleston, *for respondent.*

Heard March 26, 1985.

Decided April 15, 1985.

GREGORY, Justice:

This is an action for criminal conversation and alienation of affection arising from an adulterous relationship between appellant and respondent's wife. The trial judge granted a directed verdict against appellant for criminal conversation. The jury returned a verdict against him for alienation of affection. Respondent was awarded damages in the amounts of $4,600.00 and $2,000.00, respectively. We affirm.

Respondent is now divorced. Prior to the dissolution of the marriage, and while still living with his former wife, respondent placed a recording device on the family telephone. He did so without outside assistance. As a result, tape recordings were made of conversations between appellant and respondent's wife. These tapes were admitted at trial.

Appellant concedes this Court's opinion in *Baumrind v. Ewing,* 276 S. C. 350, 279 S. E. (2d) 359, *cert den.* 454 U. S. 1092, 102 S. Ct. 647, 70 L. Ed. (2d) 630 (1981), controls this question, and does not challenge the validity of that decision. He contends, however, that *Baumrind* is distinguishable.

Appellant claims the tapes in this case are tainted because respondent did not listen to the conversations as they occurred. *Baumrind* contains no such require-

ment. This contention is without merit.

He also argues the tapes should not have been admitted because the Family Court at the divorce proceeding had ordered the tapes edited deleting all conversations except those between respondent's wife and appellant. He cannot challenge the accuracy of the conversations, or demonstrate the editing corrupted the tapes in any way.

Assuming we agree the tapes were inadmissible, they were merely cumulative. The remaining evidence is overwhelming. Love letters from appellant to respondent's wife were admitted. Respondent testified he caught the couple in appellant's trailer, and observed them together on several occasions. A private investigator also testified regarding their activities. Finally, respondent's former wife testifed that she had an affair with appellant, and respondent's divorce was granted on the grounds of adultery. Therefore, any alleged error in admitting the tape recordings would have been harmless, especially in light of the conservative amount awarded by the jury in damages.

Affirmed.

LITTLEJOHN, C. J., and NESS, HARWELL and CHANDLER, JJ., concur.