WRIGHT, Presiding Judge.
William O’Daniel (husband) brought suit for divorce on the ground of incompatibility. Wilma O’Daniel (wife) answered and countersued alleging adultery. After oral hearing, the court entered judgment of divorce on the ground of incompatibility. It divided personal and real property of the parties, awarding to the wife money and real property of the stated value of approximately $190,000, and awarding to the husband similar property of the approximate value of $175,000. The wife moved for a new trial, avering error and abuse of discretion in the distribution of property and error in denying admission of certain evidence. The wife appeals from the judgment and denial of the motion for a new trial.
The husband and wife had been married for some forty-six years at the time of the divorce. Over the years each had worked at various enterprises and produced income. Some of the enterprises were entered jointly. They had accumulated substantial property, both real and personal. The wife had inherited monies which were either invested or used for the common benefit. The husband had received a substantial lump sum as a retirement benefit. In 1983, the wife received information that led her to believe the husband had been intimate with another woman. At the time the husband held a position of prominence in the small community where they lived. The wife confronted the husband with her knowledge and threatened to expose him in the community unless he vested in her title to most of their substantial real estate holdings, including the home. The husband acceded to her demand, and the wife removed his name from large C.D.’s. Shortly thereafter he left the home.
Because she held title to most of the property and had received assets by inheritance, the wife insists that she held it as her separate estate. She asserts that § 30-4-1, Code of Alabama 1975, prevents the division of such property with the husband as ordered by the trial court. Our review of the record indicates that all the assets accumulated by either party in any manner during the marriage were held and used jointly for the common benefit, until the wife suspected the infidelity of the husband. The husband submitted at trial that the transfer of entire title of the property to the wife resulted from threat and *1250 extortion and was without consideration. It has been well stated that when the husband and wife submit themselves to the jurisdiction of the court for termination of the marital res, the court is empowered to settle all issues between them, including claims of property. Hurd v. Hurd, 456 So.2d 316 (Ala.Civ.App.1984); Johnson v. Johnson, 446 So.2d 622 (Ala.Civ.App.1983). It is a court of equity and may enter judgment according to the equities of the case. The court in this case could, and apparently did, determine that all the monies and properties were assets of the marriage, not separate estates, and were thus subject to an equitable division. Merchants National Bank of Mobile v. Langley, 423 So.2d 245 (Ala.Civ.App.1982). We are unable to discern error by the trial court in the exercise of its judicial discretion in the division of the properties of the parties. We perceive little benefit in further detailing that division nor in discussion of the arguments of the wife as to the issue of property division.
Another unrelated issue presented as to error on appeal is a ruling by the trial court on admission of tape recordings of telephone conversations of the husband with an alleged paramour. The tapes were first the subject of a motion in limine. That motion was granted. The tapes were offered in evidence at trial. There were several grounds of objections, including violation of federal and state wire tapping statutes and failure to properly predicate. The court sustained objection to the admission without specifying on which ground.
The record discloses that the conversations allegedly taped were first recorded on a device attached to the business telephone at the parties’ real estate office. They were subsequently extracted by the wife and recorded on tape. The original recordings were available but were not offered because they contained conversations between the husband and persons other than the woman with whom he is alleged to have committed adultery. In spite of an effort to establish the admissibility of the extracted tapes, we find the trial court not to have erred in denying their admission in evidence. There was no evidence introduced to show the competency of the equipment or the wife as the operator. To the contrary, the wife admitted that she had no skill in operating the equipment. It is to be noted that there was admittedly higher and better evidence in the original recording. Though the trial court did not state upon which of the husband’s grounds of objection he denied admission of the tapes, we consider that the ground of the best evidence rule was sufficient. C. Gamble, McElroy’s Alabama Evidence, § 212.01 at 464 (3d ed. 1977). We therefore do not decide whether the tapes were also inadmissible under state or federal statute.
The wife further contends that the trial judge committed reversible error by not considering the fault of the husband in dividing the property. Our examination of the record fails to disclose that the judge committed such error. Perhaps the judge misspoke in certain remarks he made in relation to the charge of adultery. If so, it was error without apparent injury. The divorce which the parties desired was granted. There was a fair and equitable division of property. We thus discern no material injury requiring reversal of the judgment. Rule 45, A.R.A.P.
The parties’ respective requests for attorney fees on appeal are denied.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.