We granted certiorari in this divorce case to resolve two issues: (1) Whether the Court of Civil Appeals correctly held that the trial court did not err in excluding from evidence re-recorded tapes of telephone conversations between the husband and his alleged paramour, and (2) Whether the Court of Civil Appeals correctly held that the trial court did not abuse its discretion by being predisposed toward ignoring any evidence of the husband's alleged adultery.
Most of the facts relating to this divorce are contained in the opinion below. 515 So.2d 1248. Petitioner has also included in her petition additional facts pursuant to Rule 39(k), A.R.App.P. We find that the trial judge made the following remarks during the trial:
 "THE COURT: It really doesn't make any difference to me whether Mr. O'Daniel had sex with a dozen people or not. I told these people at the very outset that they had problems as to division of what they had. And the way I look at it — I look at divorce just a little bit different from everybody else. . . . And I'll just say this that it really doesn't make a great deal of difference to me who is at fault and who is not. And I'm not going to let you dirty up the record anymore. If he admitted that he had sex with ten people it's not going to change my decree any.
". . . .
 "THE COURT: Well, John, let me just ask you: What difference does it make? I have already expressed my opinion about it. I say in Alabama today the way divorces are I think that — it really doesn't make much difference to me the grounds for — I say that these people have a real problem. Mr. O'Daniel is now helpless practically, and yet he wants a divorce. I think it's tragic, but I'm not going to let you go into all of *Page 1252 
that. You can if you want to, but I don't like it. And that's — I have expressed my opinion about it."
Addressing the issue of the tape recordings first, we think that the tapes were properly excluded from evidence, although we do not agree with the Court of Civil Appeals that the best evidence rule was a sufficient ground for excluding the tapes. The wife taped all telephone conversations that occurred on the business telephone at the parties' real estate office. She then re-recorded the conversations between the husband and his alleged paramour, thus deleting all other conversations, but she testified that she made no alterations of the re-recorded conversations. She wished to have the tapes containing just the conversations between the husband and his alleged girlfriend admitted as evidence of adultery. The husband objected on numerous grounds, including the best evidence rule, the state and federal wiretapping statute, and the lack of a proper foundation. The trial court sustained the objection without specifying any grounds.
The Court of Civil Appeals stated that the ground of the best evidence rule was sufficient. We do not agree. This Court has not addressed whether the best evidence rule applies to tape recordings, such as these, but other courts have held that it does not. The Supreme Court of South Carolina has found no problem with admitting re-recorded taped conversations when there is no allegation of fraud in the editing. Martin v.Floyd, 285 S.C. 229, 328 S.E.2d 637 (1985). Our state's own Court of Criminal Appeals has held that the best evidence rule does not apply to tape recordings. Hawkins v. State,443 So.2d 1312, 1314 (Ala.Crim.App. 1983), cert. denied, 443 So.2d 1312
(Ala. 1984). "It is generally agreed in this state that the production of a thing which is not a writing is not required by the best evidence rule." C. Gamble, McElroy's Alabama Evidence, § 212.03, at 465 (3d ed. 1977). We think that the best evidence rule was not a sufficient ground for excluding these tapes.
However, the tapes were properly excluded under the federal wiretapping statute, Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510-2520. Specifically,18 U.S.C. § 2515 states:
 "Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State, or a political subdivision thereof if the disclosure of that information would be in violation of this chapter."
Section 2511(1) provides:
 "Except as otherwise specifically provided in this chapter any person who —
 "(a) willfully intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire or oral communication;
". . . .
 "(c) willfully discloses, or endeavors to disclose, to any other person the contents of any wire or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire or oral communication in violation of this subsection . ..
". . . .
 "shall be fined not more than $10,000 or imprisoned not more than five years, or both."
Section 2511(2)(d) provides an exception when the wiretapper is a party to the communication or has the prior consent of a party to the communication. In this case, the wife was not a party to the taped telephone conversations and did not have the consent of either of the parties to the conversations.
Some courts have held that Title III does not cover spousal wiretapping. Baumrind v. Ewing, 276 S.C. 350, 279 S.E.2d 359, cert. denied, 454 U.S. 1092, 102 S.Ct. 657, 70 L.ED.2d 630 (1981); Simpson v. Simpson, 490 F.2d 803 (5th Cir.), cert. denied, 419 U.S. 897, 95 S.Ct. 176, *Page 1253 42 L.Ed.2d 141 (1974). Other courts have held that Title III makes no exception for spousal wiretapping. Pulawski v. Blais,506 A.2d 76 (R.I. 1986); Pritchard v. Pritchard, 732 F.2d 372 (4th Cir. 1984); United States v. Jones, 542 F.2d 661 (6th Cir. 1976);Rickenbaker v. Rickenbaker, 290 N.C. 373, 226 S.E.2d 347
(1976). We are persuaded by the reasoning in the latter line of cases. The language of the statute is clear and unambiguous. "If Congress had intended to exempt spousal wiretappings from the scope of Title III, they would have explicitly done so."Pulawski, 506 A.2d at 77 n. 2. The legislative history of the statute clearly shows that Congress was aware of spousal wiretapping and intended to prevent it.
 "Another explicit acknowledgement of the scope of the statute is found in the comments of Senator Hruska, joined in by Senators Dirksen, Scott and Thurmond that '[a] broad prohibition is imposed on private use of electronic surveillance, particularly in domestic relations and industrial espionage situations.' S.Rep. No. 1097, reprinted in 2 U.S. Code Cong. and Admin. News 1968, 90th Cong., 2d Sess. at pp. 2112, 2274."
Pritchard, 732 F.2d at 374. Pritchard and Jones both give an extensive examination of the legislative history and conclude that spousal wiretapping is prohibited. We conclude that the trial court properly excluded these tapes as violative of18 U.S.C. § 2511 and 2515.
As to the issue of the trial judge's comments concerning his disregard for any evidence of adultery, we believe that the trial judge abused his discretion. Code 1975, § 30-2-1(a)(2) sets forth adultery as a ground for divorce. "Even though the divorce was granted on incompatibility, fault can be considered in making a division of property." Nickerson v. Nickerson,467 So.2d 260, 262 (Ala.Civ.App. 1985). A trial judge does not have to grant a divorce on the grounds of adultery or to divide the property in light of one party's adultery unless the failure to do so would be palpably wrong in light of extensive evidence of adultery. However, a trial judge cannot choose to ignore any and all evidence of adultery just because he does not like that particular ground for granting a divorce. It is obvious that in this case the trial judge was predisposed to ignore any evidence of adultery when he entered his judgment.
From the facts before this Court, we cannot say whether the evidence of the husband's alleged adultery (excluding the tapes and all evidence derived from them) is sufficient to warrant alteration of the divorce decree. Consideration of this kind of evidence is properly the province of the trial judge and his decision in that regard will be reversed only if palpably wrong. Davis v. Davis, 274 Ala. 277, 278, 147 So.2d 828, 829
(1962). Therefore, the judgment of the Court of Civil Appeals is reversed and the cause is remanded for that court to instruct the trial court to reconsider its decree in light of all the properly admitted evidence of the husband's alleged adultery. We are not to be understood as requiring any certain result upon consideration of this evidence; we are only requiring the trial judge to consider it.
REVERSED AND REMANDED WITH INSTRUCTIONS.
MADDOX, JONES, ALMON, SHORES, BEATTY, ADAMS, HOUSTON, and STEAGALL, JJ., concur.