250

## CIRCUIT COURT OF HENRICO COUNTY

Ralph Throckmorton

v.

Sandra Throckmorton

August 4, 1988

Case No. 85C1092

By JUDGE JOSEPH F. SPINELLA

The plaintiff filed a Bill of Complaint for a divorce against the defendant and the defendant filed a Cross-Bill. In taking depositions, the plaintiff attempted to use certain tape-recorded telephone conversations that the plaintiff had made prior to the separation of the parties. The Court heard argument on the question of whether or not the tape recordings could be introduced into evidence, and counsel filed memoranda in support of their respective positions. The plaintiff testified that over a period of time, he would attach a cassette recorder to a phone jack in the basement of his house, and he would also listen to the conversation as it occurred and as it was being recorded. There was no tapping of the line or interception of the conversation between the point of origination and the point of reception. The plaintiff was able to recognize the voice of his wife on the telephone as he listened to the conversation between her and a third person. The recordings were made from 1982 through October, 1985, when the parties separated.

The questions presented to the court are:

(1) The admissibility of the tapes as evidence.

(2) The admissibility of the testimony of the plaintiff who listened to conversations as they were being recorded.

(3) The effect of the marital relationship to the admissibility of the contents of the conversations.

The first question as to the admissibility of the tapes seems to be answered by § 8.01-420.2 of the Code of Virginia which states as follows:

> No mechanical recording, electronic or otherwise, of a telephone conversation shall be admitted into evidence in any civil proceeding unless all parties to the conversation were aware the conversation was being recorded. The parties' knowledge of the recording shall be demonstrated by a declaration at the beginning of the recorded portion of the conversation to be admitted into evidence that the conversation is being recorded
> . . . .

It is clear from the evidence in this case that the parties being recorded did not give their consent and that the conversation being recorded was a telephone conversation. Therefore, the statute clearly bars the admission of the tapes as evidence in this case.

The second question is with regard to the admissibility of the statements heard on the telephone by the husband who is able to identify his wife as one of the parties. If the conversation was the result of an interception as contemplated in § 19.2-62 of the Code of Virginia, then it is clearly not admissible, but if it is a recording of a communication already acquired, then under the case of *Cogdill v. Commonwealth*, 219 Va. 272 (1978), it would not be an interception. Any conversations overheard after the parties separated would be inadmissible.

Under the case of *Pritchard v. Pritchard*, 732 F.2d 372 (4th Cir. 1984), the Court held that "no exception exists under Federal wiretapping statute for instances of willful, unconsented-to electronic surveillance between spouses." *See also Kratz v. Kratz*, 477 F. Supp. 463 (E.D. Pa. 1979), which held that the Federal statute applies to all interceptions, including one spouse intercepting the other spouse's communication in the home of the parties.

In opposition to this view, the case of *Simpson v. Simpson*, 490 F.2d 803 (5th Cir. 1974), holds that the statute was never intended to apply to a domestic

conflict in the marital home and that an extension phone could be used to intercept conversation between wife and her lover. A like view was expressed in *Anonymous v. Anonymous*, 558 F.2d 677 (2d Cir. 1977), where a husband recorded a conversation between ex-wife and daughter, and it was held that the recording was made in the ordinary course of business.

In the instant case, the husband overheard the conversations of the wife by listening through earphones as opposed to a telephone receiver issued by the telephone company. The *Cogdill* case cited above holds that:

> Under the express language of the statute, Burns's telephone, an instrument "furnished to the subscriber or user by a communications common carrier in the ordinary course of its business and being used by the subscriber or user in the ordinary course of its business," was excluded from the definition of an interception "device." The use of that instrument for the "aural acquisition" of a communication was exempt from the proscription of the Act . . . .

It therefore appears that the Court holds a telephone receiver to be an interception devise but that it was specifically excluded by the act, and therefore, the aural acquisition of the communication by that devise was exempt from the act. The Court is not satisfied from the evidence that the earphones and tape recorder were instruments furnished to the plaintiff by the telephone company to be used in the ordinary course of business and does not make any finding as to the illegality of the use of the device to intercept the conversation.

It appears that the parties continued to live together as man and wife following the interception of the conversation, and therefore, the plaintiff may have condoned the actions of the wife by continuing to live with her. The Court will not allow the use of any communication intercepted by the use of earphones but does not pass upon any evidence of any improper activities or actions of the defendant which may be presented to the Court by the plaintiff through witnesses or through other exhibits even

though the evidence may overlap what was heard over the earphones.

The Court finds it unnecessary to make any ruling as to the effect of the marital relationship on the admissibility of the intercepted evidence.