**Jillian KEMPF, Appellant,**

v.

**Karl Gene KEMPF, Appellee.**

No. 88–1257.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 23, 1988.
Decided Feb. 21, 1989.

Christopher Karlen, St. Louis, Mo., for appellant.

Donald E. Heck, Clayton, Mo., for appellee.

Before HEANEY* and BOWMAN, Circuit Judges, and ROSS, Senior Circuit Judge.

ROSS, Senior Circuit Judge.

Jillian Kempf appeals the district court's order granting summary judgment to her ex-husband, Karl Gene Kempf, in her action seeking damages for violation of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510–2520 (Title III) (Count I) and invasion of her privacy (Count II).

On appeal, Jillian argues the district court erred in granting summary judgment; that Title III applies to interspousal wiretapping committed within the marital home. We agree and because we now explicitly hold that Title III applies to the situation at hand, we reverse and remand the case for trial.

While the parties were living together as husband and wife, Karl suspected that Jillian was having extramarital affairs. To confirm his suspicions, Karl intercepted and recorded his wife's telephone conversations between June 4, 1985, and August 9, 1985, by connecting a cassette tape recorder to the receiver of an extension phone in plain view in the basement of their home. These recorded conversations confirmed Karl's suspicions, and he filed for a dissolution of their marriage. In that dissolution proceeding, the tapes of the wife's conversations were admitted into evidence over her objection. On May 18, 1987, the state circuit court of the County of St. Louis, Missouri entered judgment dissolving the marriage, and the decree is now final.

On June 2, 1987, Jillian filed the present action against her ex-husband. On January 11, 1988, the district court granted Karl's motion for summary judgment, finding that Title III's wiretapping prohibition does not apply to interspousal wiretapping committed within the marital home, and that state courts rather than federal courts are better facilitated to handle domestic conflicts of this nature. The district court specifically relied on the Fifth Circuit's reasoning in *Simpson v. Simpson,* 490 F.2d 803 (5th Cir.), *cert. denied,* 419 U.S. 897, 95 S.Ct. 176, 42 L.Ed.2d 141 (1974), in which the court held that Title III was not intended to apply to a husband's wiretapping of his wife's phone conversations while the couple was living together as husband and wife, stating:

* The HONORABLE GERALD W. HEANEY assumed senior status on January 1, 1989.

The Court is of the opinion that Congress did not intend to give a remedy for interspousal wiretapping when the parties involved were sharing a home and living together as husband and wife at the time the wiretap was utilized. Extending federal law into such a purely domestic matter runs counter to the tradition federal courts have followed in leaving family matters to the discretion of the state courts. * * * [I]t is an inappropriate subject for federal litigation, and the Court does not believe, in view of the congressional testimony and the historical view that state courts are better facilitated to handle domestic conflicts, that Congress meant for Title III to apply to the facts herein.

*Kempf v. Kempf,* 677 F.Supp. 618, 622 (E.D.Mo.1988).

■ Jillian argues the plain language of section 2511(1) clearly proscribes Karl's conduct because it prohibits the interception, use, or disclosure of wire communications by *any* person except as specifically provided in the statute, and further argues that 18 U.S.C. § 2520 provides a cause of action to *any* person who is the victim of an 18 U.S.C. § 2511 violation. Jillian specifically challenges the district court's reliance on *Simpson, supra,* 490 F.2d at 803.

Section 2511 of Chapter 18 of the United States Code, as amended in 1986, provides in part:

(1) Except as otherwise specifically provided in this chapter any person who—

(a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication;

(b) intentionally uses, endeavors to use, or procures any other person to use or endeavor to use any electronic, mechanical, or other device to intercept any oral communication when—

(i) such device is affixed to, or otherwise transmits a signal through, a wire, cable, or other like connection used in wire communication;

\* \* \* \* \* \*

(c) intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection; or

(d) intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection;

shall be punished as provided in subsection (4) or shall be subject to suit as provided in subsection (5).

The Supreme Court has stated, "[t]he purpose of the legislation * * * was effectively to prohibit * * * all interceptions of oral and wire communications, except those specifically provided for in the Act * * *." *United States v. Giordano,* 416 U.S. 505, 514, 94 S.Ct. 1820, 1826, 40 L.Ed.2d 341 (1974). No exception to the proscriptions of § 2511(1)(a) is relevant to this case. *See* 18 U.S.C. § 2511(2)–(3).

Section 2520(a), as amended, further provides in relevant part that: "[a]ny person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity which engaged in that violation such relief as may be appropriate."

We agree with Jillian's reading of these sections. The remedy clearly applies to any "person" defined as "any individual." *See* 18 U.S.C. § 2510(6).

*Simpson,* although relied upon by the district court, has been widely criticized. *See Pritchard v. Pritchard,* 732 F.2d 372, 374 (4th Cir.1984) (rejecting *Simpson,* and finding that there is no express or implied exception for willful, unconsented electronic surveillance between spouses); *United States v. Jones,* 542 F.2d 661, 667 (6th Cir.1976) (rejecting *Simpson* as contradictory of explicit language of statute and clear intent of Congress expressed in Act's

legislative history); *Nations v. Nations,* 670 F.Supp. 1432, 1434–35 (W.D.Ark.1987); *Flynn v. Flynn,* 560 F.Supp. 922, 924–25 (N.D.Ohio 1983); *Heyman v. Heyman,* 548 F.Supp. 1041, 1045–47 (N.D.Ill.1982); *Gill v. Willer,* 482 F.Supp. 776, 778 (W.D.N.Y. 1980) ("the reasoning of the *Simpson* decision is open to serious question"); *Kratz v. Kratz,* 477 F.Supp. 463, 467–70 (E.D.Pa. 1979); Blakely, *Interspousal Electronic Surveillance Immunity,* 7 U.Tol.L.Rev. 185, 205 n. 85 (1975).

Karl would have us insulate him from civil liability on the basis of our ruling in *White v. Weiss,* 535 F.2d 1067 (8th Cir. 1976), where we applied Title III to a domestic situation and found liability on the part of a third party detective. However, because we did not address or speculate whether Title III would reach interspousal wiretapping when a third party was not involved, *White* does not answer the question presented here.

As indicated, we find no exceptions in section 2511 that apply to Karl. Despite the unambiguous language of the statute, the district court chose to follow the Fifth Circuit's ruling in *Simpson.* We interpret the statute's legislative history differently than did the Fifth Circuit and the district court.

We note that Congress was aware that electronic surveillance is used in domestic relations. Senator Long, Chairman of the Subcommittee on Administrative Practice and Procedure of the Senate Judiciary Committee, identified at the Hearings on Invasions of Privacy: "the three major areas in which private electronic surveillance was widespread were '(1) industrial, (2) divorce cases, and (3) politics.' " *Kratz, supra,* 477 F.Supp. at 471.

Senator Hruska, a co-sponsor of the bill, commenting on the scope of the statute, noted that "[a] broad prohibition is imposed on private use of electronic surveillance, particularly in domestic relations and industrial espionage situations." S.Rep. No. 1097, 90th Cong., 2d Sess., *reprinted in* 1968 U.S.Code Cong. & Admin.News 2112, 2274.

The district court's conclusion runs contrary to the Second, Fourth and Sixth Circuits' interpretation of the statute. We agree with the Fourth Circuit's conclusion in *Pritchard v. Pritchard, supra,* 732 F.2d at 372:

> Title III prohibits all wiretapping activities unless specifically excepted. There is no express exception for instances of willful, unconsented to electronic surveillance between spouses. Nor is there any indication in the statutory language or in the legislative history that Congress intended to imply an exception to facts involving interspousal wiretapping.

*Id.* at 374.

We have resolved that this case must be reversed and remanded under Title III, as it applies to the first count of Jillian's complaint. We also reverse and remand the district court's grant of summary judgment as to the invasion of privacy count.[1]

In summary, since we find no legal basis in Title III or its legislative history to insulate a spouse in this situation from the Title's reach or its civil penalties, we hold that the conduct of a spouse in wiretapping the telephone communications of the other spouse within the marital home, falls within its purview.

Accordingly, we reverse the judgment of the district court and remand for further proceedings.

---

1. Karl argues that the invasion of privacy claim is a compulsory counterclaim which should have been raised in the state divorce proceeding. In our view, the district court's consideration of the Title III claim (as not compulsory) answers the question with respect to the related invasion of privacy claim. The rule of compulsory counterclaims was "intended to stop duplication of litigation," *see Gale v. Corbett,* 568 S.W.2d 72, 74 (Mo.Ct.App.1977), however, in this case, the rule would serve no purpose. Thus in this situation, we believe Jillian was not required to raise the privacy claim at the divorce proceeding.