**Carol Evans WALKER, Plaintiff,**

v.

**Robert D. CARTER and Charles Neuf, Defendants.**

**No. 92–3141.**

United States District Court,
C.D. Illinois,
Springfield Division.

May 4, 1993.

John H. Long, Stanley L. Morris, Springfield, IL, for plaintiff.

Craig A. Randle, James R. Potter, Springfield, IL, Charles Neuf, Paducah, KY, for defendants.

## OPINION

RICHARD MILLS, District Judge:

Spousal wiretapping.

Cross motions for summary judgment.

The material facts of the case are not disputed. The Plaintiff filed a two count complaint against the Defendants for alleged violations of 18 U.S.C. § 2511, the federal wiretapping statute. Count I. is brought against Defendant Carter and Count II is brought against Defendant Neuf. Carol Walker alleges that Robert Carter, with the assistance of Neuf, intercepted and recorded telephone conversations between the Plaintiff and Defendant Carter's former wife at the Carter residence—during their marriage—on several occasions from 1988 through 1991. All of these recordings were made without the Plaintiff's or Mrs. Carter's consent.

The Plaintiff seeks damages against the Defendants under 18 U.S.C. § 2520 for their violation of 18 U.S.C. § 2511. The Plaintiff and Defendant Carter have filed cross motions for summary judgment as to Count I of the complaint, with each party arguing for a different interpretation of the federal wiretapping statute.

*Summary Judgment*

Under Fed.R.Civ.P. 56(c), summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Black v. Henry Pratt Co.*, 778 F.2d 1278, 1281 (7th Cir.1985). The moving party has the burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Posey v. Skyline Corp.,* 702 F.2d 102, 105 (7th Cir.1983).

*Analysis*

Based on a review of the record, the entire controversy appears to revolve around a dispute concerning the proper interpretation to be given 18 U.S.C. § 2511 in conjunction with 18 U.S.C. § 2520. Consequently, this is a legal dispute which this Court is capable of resolving by means of summary judgment. The Seventh Circuit has not yet addressed the argument which Defendant Carter asserts, but in interpreting the decisions of other U.S. Courts of Appeals, the Court finds that summary judgment is appropriate for the Plaintiff.

18 U.S.C. § 2511(1) provides that unless otherwise specifically excepted "any person who (a) intentionally intercepts [or], endeavors to intercept ... *any* wire, oral, or electronic communication ... shall be punished as provided in subsection (4)." (emphasis added). 18 U.S.C. § 2511(4)(a) states that

"whoever violates subsection (1) of this section shall be fined under this title or imprisoned not more than five years, or both." There is no specifically listed exception in the statute for interspousal wiretapping.

18 U.S.C. § 2510(2) defines "oral communication" as "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception." 18 U.S.C. § 2520(a) & (b) provide that "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this .chapter may in a civil action recover from the person or entity which engaged in that violation ... damages under subsection (c) and punitive damages in appropriate cases; and ... a reasonable attorney's fee and other litigation costs reasonably incurred." 18 U.S.C. § 2520(c)(2) allows a court to assess as damages the greater of the amount of actual damages sustained by the plaintiff or statutory damages of $100 for each day of the violation or $10,000, whichever is greater. In other words, 18 U.S.C. § 2520 allows a plaintiff to file a civil action for any conduct which would constitute a violation of 18 U.S.C. § 2511.

The question, then, is whether the uncontroverted conduct of Defendant Carter amounts to a violation of 18 U.S.C. § 2511. Defendant Carter claims that because he tapped the telephone line of his own residence, he cannot be held liable to the Plaintiff under 18 U.S.C. § 2520. However, that view is contrary to the view held today by the majority of the U.S. Courts of Appeals.

Defendant Carter relies on the case of *Simpson v. Simpson*, 490 F.2d 803 (5th Cir. 1974), which held that 18 U.S.C. § 2511 did not apply to interspousal wiretapping committed within the marital home. The *Simpson* holding was premised on .the belief that federal courts should not become involved with domestic relations disputes. . 490 F.2d at 805. That case, though, has been roundly criticized and its holding rejected by the majority of the federal courts that have subsequently addressed the issue of marital wiretapping. *See United States v. Jones*, 542 F.2d 661, 667 (6th Cir.1976); *Pritchard v. Pritchard*, 732 F.2d 372, 374 (4th Cir.1984); and *Kempf v. Kempf,* 868 F.2d 970, 972–73

(8th Cir.1989). In addition, numerous district courts across the country have concluded that the federal wiretapping statute prohibits nonconsensual spousal wiretapping within the marital home. *Kempf,* 868 F.2d at 973; *Heyman v. Heyman,* 548 F.Supp. 1041, 1045–47 (N.D.Ill.1982).

The courts which have rejected the *Simpson* holding have done so on the basis of the language of 18 U.S.C. § 2511 and the legislative history of the statute. The courts have determined that Congress did not intend to create an exception for interspousal wiretapping and chose to use clear and unambiguous language in 18 U.S.C. § 2511 prohibiting all wiretapping not specifically excluded by the statute. *Kempf,* 868 F.2d at 972–73; *Heyman,* 548 F.Supp. at 1045–47.

This Court finds no reason to depart from this interpretation of the . statute indicating that Congress intended to preempt state law in the area of wiretapping regulation. Were the Seventh Circuit to address the issue, we believe it would come to the same conclusion, given the recent consensus among the federal courts in interpreting the statute.

### Conclusion

Consequently, this Court adopts the view that 18 U.S.C. § 2511 prohibits all unauthorized interspousal wiretapping committed within the marital home. As a result of the undisputed facts in the present case, the Plaintiff is entitled to judgment as a matter of law under 18 U.S.C. § 2520(a) for Defendant Carter's unauthorized recording of the telephone conversations between his wife and the Plaintiff. The Court finds, however, that there is insufficient information provided in the complaint for a determination of damages under 18 U.S.C. § 2520(b) at this time. This issue will be addressed in further proceedings.

*Ergo,* Defendant Carter's motion for summary judgment as to Count I of the complaint is DENIED, and the Plaintiff's motion for summary judgment on Count I is ALLOWED.

SO ORDERED.