685 F.Supp. 208 (1988)
Stuart I. PLATT, Plaintiff,
v.
Angela R. PLATT, Defendant.
No. 87-2187C(6).
United States District Court, E.D. Missouri, E.D.
May 31, 1988.
Love, Lacks, & Paule, John H. Cassidy, III, St. Louis, Mo., for plaintiff.
Thomas F. Flynn, St. Louis, Mo., for defendant.

MEMORANDUM AND ORDER
GUNN, District Judge.
This matter is before the Court on defendant's motion to dismiss.
The parties to this action, Stuart and Angela Platt, are husband and wife. The Platts were married in 1982 and a daughter, Theresa, was born to them in 1983. Currently, Stuart and Angela Platt are separated and a petition for the dissolution of their marriage is pending in the St. Louis County Circuit Court. The parties have joint legal custody of Theresa, who resides with her mother.
In this action Stuart Platt alleges that Angela Platt violated the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. § 2510 et seq. (1968) (hereinafter Title III) when she installed a recording device on the telephone in her home and recorded conversations between Stuart and Theresa.
18 U.S.C. § 2511 provides in pertinent part:
(1) Except as otherwise specifically provided in this chapter any person who
(a) intentionally intercepts, endeavors to intercept, or procures any person to intercept or endeavor to intercept any wire or oral communication;
(b) intentionally uses, endeavors to use, or procures any other person to use or endeavor to use any electronic, mechanical, or other device to intercept any oral communication ...
shall be fined not more than $10,000 or imprisoned ... or both.
18 U.S.C. § 2520 provides a civil damages remedy to persons aggreived by violations of § 2511:
Any person whose wire or oral communication is intercepted, disclosed, or used in violation of this chapter shall (1) have a civil cause of action against any person who intercepts, discloses, or uses, or procures any other person to intercept, disclose or use such communications, and (2) be entitled to recover from any such person 

*209 (a) actual damages ...
(b) punitive damages, and
(c) a reasonable attorney's fee....
Defendant now moves to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. The Court is thus called upon to determine the extent to which Title III applies to interspousal wiretaps used in preparation for divorce litigation where the alleged violator attaches a recording device to his or her own telephone.
The Eighth Circuit has yet to resolve this particular issue although that court has held that the statute provides a remedy against a third party who, at the direction of the one spouse, intercepts wire communications to the marital home. White v. Weiss, 535 F.2d 1067 (8th Cir.1976). In reaching this conclusion the Eighth Circuit relied upon a distinction first drawn by the Fifth Circuit between "third party intrusions" and "personal surveillance by the other spouse." White, 535 F.2d at 1067 (quoting Simpson v. Simpson, 490 F.2d 803, 808 (5th Cir.), cert. denied, 419 U.S. 897, 95 S.Ct. 176, 42 L.Ed.2d 141 (1974)). A recent opinion from this District also relied on this distinction to hold that "Congress did not intend to give a remedy for interspousal wiretapping when the parties involved were sharing a home and living together as husband and wife at the time the wiretap was utilized." Kempf v. Kempf, 677 F.Supp. 618, 622 (E.D.Mo. 1988).
In the course of that opinion the district court stated that:
It is one thing to apply this law in the case of an estranged couple where the surveillor has no legal rights to begin with in entering the separate home of the surveilled spouse. It is quite another to forbid a person from attaching a wire-tapping device on his or her own telephone within the marital home.
Kempf, 677 F.Supp. at 622. (emphasis supplied.)
Applying similar reasoning, the Second Circuit earlier found Title III inapplicable in a case almost identical to that now before the Court. In that case a divorced man who had been awarded custody of his children attached a recording device to a telephone within his own home to record conversations between his ex-wife and his daughter. Anonymous v. Anonymous, 558 F.2d 677, 678 (2d Cir.1977). Noting that the statute provides an exemption for "interceptions"[1] accomplished by the use of extension phones, the Second Circuit concluded that attaching a telephone answering machine with tape recording capability to one's own phone was not qualitatively different from listening in on a conversation by way of an extension phone. Anonymous, 558 F.2d at 679. The Second Circuit also found support for its determination in the legislative history of Title III. Id. (quoting Hearings on the Anti-Crime Program Before Subcomm. No. 5 of the House Judiciary Comm., 90th Cong., 1st Sess. 901 (1967) (statement of Professor Herman Schwartz)).
The Court finds the Second Circuit's reasoning persuasive and consistent with the spirit of the Eighth Circuit's holding in White. Although the Court does not condone the defendant's actions in this case, it cannot conclude that federal law was intended to apply to a "purely domestic conflict" involving the interception of a family member's phone conversations accomplished by the attachment of a recording device to one's own phone.
Finding the holding in Anonymous dispositive of the issue, the Court declines to *210 address the parties' arguments concerning the application of Title III's consent exemption to the facts of this case. See 18 U.S.C. § 2511(2)(d).
In light of the foregoing,
IT IS HEREBY ORDERED that defendant's motion to dismiss for failure to state a claim be and it is granted.
NOTES
[1] 18 U.S.C. § 2511 provides that one who "intercepts" a wire or oral communication violates the statute. The statutory definition of "intercept" is "the aural acquisition of the contents of any wire or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C. § 2510(4) (emphasis supplied).

18 U.S.C. § 2510(5)(a)(i) provides:
(5) `electronic, mechanical or other device' means any device or apparatus which can be used to intercept a wire or oral communication other than
(a) any telephone or telegraph instrument, equipment or facility, or any component thereof, (i) furnished to the subscriber or user by a communications carrier in the ordinary course of its business and being used by the subscriber in the ordinary course of its business...."