**Stuart L. PLATT, Appellant,**

v.

**Angela R. PLATT, Appellee.**

**No. 88–1983.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 31, 1988.

Decided May 10, 1989.

Donna Aronoff Smith, St. Louis, Mo., argued, for appellant.

Thomas Flynn, St. Louis, Mo., argued, for appellee.

Before HEANEY, Circuit Judge,* ROSS, Senior Circuit Judge, and BOWMAN, Circuit Judge.

ROSS, Senior Circuit Judge.

Stuart Platt appeals the district court's dismissal of his action brought under the federal wiretapping statutes, 18 U.S.C. §§ 2510–2520 (Title III), alleging that his wife, Angela Platt, illegally intercepted and/or used information gained from wiretapping his telephone conversations with his minor child. The district court relied upon *Anonymous v. Anonymous*, 558 F.2d 677 (2d Cir.1977), held that Title III does not apply to purely domestic conflicts, and dismissed the complaint for failure to state a claim, 685 F.Supp. 208. We reverse and remand for further proceedings.

* The Honorable Gerald W. Heaney assumed senior status on January 1, 1989.

Stuart lived in Olivette, Missouri, while Angela lived with their then four-year-old daughter Theresa in Mexico, Missouri. The petition for dissolution of their marriage was pending. The Circuit Court of St. Louis County allowed Stuart and Theresa to maintain regular phone contact (three times per week). Stuart's complaint alleged that Angela "installed a tape recording device on [her] telephone in order to intercept, monitor, and record telephone calls" made by "Stuart to [their] minor child" to gain an advantage in their dissolution proceeding. The complaint further alleged that Stuart did not authorize Angela to do so, nor did he ever expressly or impliedly consent to the installation of the recording mechanism.

Angela's motion to dismiss stated that (1) she could not have violated 18 U.S.C. § 2511 because she, as natural mother and legal guardian of the minor child, stood in the place of the minor child and had consented to the recording, (2) her child was not a "person" within the meaning of 18 U.S.C. § 2510(6) for purposes of § 2511, and (3) the action was barred by interspousal immunity.

Angela's memorandum in support of her motion to dismiss stated that Stuart's allegations in essence, constituted only Angela's recording of her own calls. Stuart responded that *Anonymous v. Anonymous, supra,* 558 F.2d at 677, reflects the minority view that § 2511 is inapplicable as between spouses. Further, he noted that because he and Angela were joint legal custodians of the child, Angela did not have the legal capacity to "commit the child to such a course of action." He stressed that the focus is factual consent, not legal capacity to consent, citing *United States v. King,* 536 F.Supp. 253 (C.D.Cal.1982), and that since Angela "did not participate in the communication between the father and the daughter, she is not a party who can give consent, and it is equally obvious that the daughter did not factually consent."

In ruling on the motion to dismiss, the district court framed the issue as "the extent to which Title III applies to interspousal wiretaps used in preparation for divorce litigation where the alleged violator attaches a recording device to his or her own telephone." The district court could not "conclude that federal law was intended to apply to a 'purely domestic conflict' involving the interception of a family member's phone conversations." It granted the motion to dismiss, finding the holding in *Anonymous v. Anonymous* dispositive of the issue without expressly relying on the extension phone exemption of 18 U.S.C. § 2510(5)(a)(i) (listening in on a conversation from an extension phone is not actionable). The district court declined to address the parties' arguments concerning the application of Title III's consent exemption, 18 U.S.C. § 2511(2)(d), to the case.

■ In light of *Kempf v. Kempf,* 868 F.2d 970 (8th Cir.1989) (Title III applies to domestic situation of interspousal wiretapping), recently decided by this court, it is apparent that the district court relied on a nonexistent interspousal immunity. Further, we do not agree, based on the record before us, with the district court's ruling that *Anonymous v. Anonymous* is dispositive of the case.

In *Anonymous,* the court held that the facts alleged did not rise to the level of criminal conduct intended to be covered by the wiretap statutes. The defendant ex-husband had exclusive custody of the eight-year-old child, and had sometimes listened in on the child's conversations with the plaintiff ex-wife through an intercom device that was part of the taping equipment. The court found the fact that the defendant "taped the conversations which he permissibly overheard" to be a "distinction without a difference" from simply listening in on the conversations. *Anonymous, supra,* 558 F.2d at 679. The *Anonymous* court did not specifically utilize the extension phone exemption, but rather cited the civil damage case of *Simpson v. Simpson,* 490 F.2d 803 (5th Cir.) (Title III does not apply to purely domestic situations), *cert. denied,* 419 U.S. 897, 95 S.Ct. 176, 42 L.Ed.2d 141 (1974), which was specifically rejected by this court in *Kempf v. Kempf.* The court did not address the issue of consent.

Here, the designated record does not reveal such facts as whether all incoming and outgoing calls were recorded, whether the machine recorded automatically, or whether a button on the machine needed to be turned to "Record" by the child (beyond a 45–second period of automatic recording as in *Anonymous*). There is nothing in the pleadings regarding the element of human supervision, *i.e.*, whether Angela was present or listened in on the conversations that were taped.

A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Assuming for purposes of this appeal that the facts as alleged in the pleadings are true, then this case falls within the purview of Title III. *See United States v. Jones,* 542 F.2d 661, 667, 668 (6th Cir.1976) ("language of § 2511(1)(a) quite clearly expresses a blanket prohibition on all electronic surveillance except under circumstances specifically enumerated;" wiretapping bill establishes an "across-the-board prohibition on all unauthorized electronic surveillance"); *Simpson v. Simpson, supra,* 490 F.2d at 805 ("naked language of Title III, by virtue of its inclusiveness, reaches this case. However, we are of the opinion that Congress did not intend such a far-reaching result, one extending into areas * * * of * * * domestic conflicts"); *Kratz v. Kratz,* 477 F.Supp. 463, 473–75 (E.D.Pa.1979) (*Simpson's* reasoning regarding extension phone exemption is illogical; eavesdropping by means of extension phone is distinguished and exemption does not require reading exception for wiretapping into Title III).

*Kratz* drew a distinction between wiretapping and eavesdropping by means of an extension phone which may be applicable to the present case. Extension phone eavesdropping requires a greater degree of human supervision, the presence of the eavesdropper. "Also, as should be obvious, detection is a real problem to the eavesdropper who uses an extension phone. All of this necessarily affects the product that can be realistically derived from [extension phone] surveillance." *Id.* at 474 (quoting Comment, *Interspousal Electronic Surveillance Immunity,* 7 U. of Tol.L.Rev. 185, 205–06 (1975)). In contrast, wiretapping requires only a minimum of human supervision as do some forms of recording. After installation, little maintenance need occur, and of course, the danger of detection is dramatically reduced with a recording device. "Therefore, extension phone eavesdropping has * * * less potential for violating the privacy of the targeted party." *Id.*

Because we hold that interspousal immunity does not bar Stuart's action, we reverse and remand the case for further proceedings to develop the facts regarding the exact nature of the recording device itself as well as the method and manner of recording that took place, consideration of the extension phone exemption (if applicable), and of course consideration of the consent issue.

Accordingly, the order of the district court is reversed and remanded.