Louie E. **NALLEY,** Plaintiff–Appellant,

v.

Patsy D. **NALLEY,** Defendant–Appellee.

Joyce F. **BLANTON,** Plaintiff–Appellant,

v.

Patsy D. **NALLEY,** Defendant–Appellee.

Nos. 94–1439, 94–1441.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 1, 1995.

Decided May 17, 1995.

**ARGUED:** David Garrison Hill, Hill, Wyatt, Bannister & Brown, Greenville, SC, for appellant. Symmes Watkins Culbertson, Greenville, SC, for appellee. **ON BRIEF:** Oscar W. Bannister, Jr., Hill, Wyatt, Bannister & Brown, Greenville, SC, for appellant.

Before ERVIN, Chief Judge,
NIEMEYER, Circuit Judge, and YOUNG,
Senior United States District Judge for the
District of Maryland, sitting by designation.

Affirmed by published opinion. Judge
NIEMEYER wrote the opinion, in which
Chief Judge ERVIN and Senior Judge
YOUNG joined.

## OPINION

NIEMEYER, Circuit Judge:

In September 1992, a cassette tape was anonymously delivered to Patsy Nalley of Easley, South Carolina. When she played the tape, it revealed a telephone conversation between her husband, Louie Nalley, and Joyce Blanton, with whom Louie Nalley was having an extramarital affair. Patsy Nalley played the tape for her children, for Joyce Blanton's husband, and for her attorney in preparing for a divorce action.

Louie Nalley and Joyce Blanton brought this action against Patsy Nalley under the Electronic Communications Privacy Act of 1986 for intentionally disclosing the contents of a telephone conversation, "knowing or having reason to know that the information was obtained through [an unauthorized] interception." 18 U.S.C. § 2511(1)(c). Louie Nalley and Joyce Blanton acknowledge that they sustained no actual damages, but they sued for the minimum statutory damages of $10,-000 each and for punitive damages. Patsy Nalley conceded that she intentionally disclosed the contents of the tape and thereby stipulated to a single, one-day violation of the Act, and the parties proceeded to trial on the sole issue of damages. The district court found Patsy Nalley's violation of the Act to be "*de minimis*," stating:

> The Defendant claims to have received the tape anonymously. Upon listening to it, she discovered that her husband was having an adulterous affair with another woman. She played the tape only to her family, Blanton's husband, and to her attorney. The Plaintiffs have not demonstrated any loss as a result of the Defendant's conduct, nor any profit gained by the Defendant. The Court finds that it would serve no purpose to award damages to the Plaintiffs for this conduct.

Concluding that it had discretion to award no damages under the Act, the district court awarded none.

We are presented with an issue of first impression for this circuit of whether the district court has discretion not to award a minimum $10,000 damage for a violation of the Electronic Communications Privacy Act of 1986, 18 U.S.C. § 2510 *et seq.* Because we agree that the Act gives the district court discretion to decline to award damages even though a violation may have occurred, we affirm.

Title I of the Electronic Communications Privacy Act of 1986 amended Title III of the Omnibus Crime Control and Safe Streets Act of 1968 to protect individuals against the unauthorized interception of their electronic communications. Section 2520 of Title 18 creates a private civil cause of action for any plaintiff whose electronic communications are intentionally disclosed in violation of the Act. Section 2520(a) authorizes the court to grant "such relief as may be appropriate" to a plaintiff establishing a violation of the Act, and § 2520(b) specifies that appropriate re-

lief includes equitable or declaratory relief, damages as described in subsection (c), punitive damages, costs, and attorney's fees.[1]

The damages authorized in § 2520(b) are set out in detail in § 2520(c), which provides two different means of computing damages, depending on the type of underlying violation. For a violation based on the private viewing of certain private satellite video communications or the interception of certain radio communications, the statute provides that "the court *shall* assess damages" of a minimum of $50 for first offenders and $100 for repeat offenders, or actual damages, whichever is greater. *See* 18 U.S.C. § 2520(c)(1) (emphasis added). For any other violation, the statute provides:

> [T]he court *may* assess as damages whichever is the greater of—
>
> (A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or
>
> (B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000.

18 U.S.C. § 2520(c)(2) (emphasis added).

The parties stipulated below that the plaintiffs suffered no actual damages, and the court found that the defendant made no profit as a result of the one-day violation. Thus, the sole question left for our review is whether the district court had the discretion under 18 U.S.C. § 2520(c)(2)(B) to decline to award damages in lieu of awarding $10,000 to each plaintiff. The parties agree that if the district court were to award any amount of damages, it would have to award $10,000 to each party as the minimum amount.

■ Louie Nalley and Joyce Blanton first contend that although 18 U.S.C. § 2520(c)(2) uses the permissive verb "may" in providing that "the court may assess as damages" the

greater of actual damages or $10,000 statutory damages, the term "may" in a statute can be given a mandatory construction by this court. They refer to *United Hosp. Center v. Richardson,* 757 F.2d 1445, 1453 (4th Cir. 1985), in which we observed that "[w]hile the term 'may' in a statute ... is generally construed as permissive rather than mandatory, the construction of such term—whether discretionary or mandatory—is reached in every case 'on the context of the statute ... and on whether it is fairly to be presumed that it was the intention of the legislature ... to confer a discretionary power or to impose an imperative duty.'" Addressing this argument, we turn to the context of the statutory language to ascertain whether Congress intended, in using the term "may" in § 2520(c)(2), to confer discretionary power on the district courts.

First, we note that Congress used contrasting language within the confines of 18 U.S.C. § 2520(c) (the Act's civil damages provision), using the *mandatory* verb form in (c)(1) and the *permissive* form in (c)(2), apparently intending thereby to make a distinction with respect to a court's award of damages for the different types of violations addressed. The statutory language "the court *may* assess as damages," which applies to circumstances such as those in this case, contrasts with "the court *shall* assess damages," which applies to the special exception carved out in § 2520(c)(1). To give this contrasting language meaning, we must read § 2520(c)(2) to embody a congressional intent to grant courts the discretion to decline to award damages in all but the particular circumstances covered by § 2520(c)(1), where Congress clearly did not manifest an intent to confer such discretion.

■ The issue of whether Congress intended to grant courts discretion to decline

---

1. The pertinent portions of the statute read in full:

> (a) In general.—Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity which engaged in that violation such relief as may be appropriate.

> (b) Relief.—In an action under this section, appropriate relief includes—
> (1) such preliminary and other equitable or declaratory relief as may be appropriate;
> (2) damages under subsection (c) and punitive damages in appropriate cases; and
> (3) a reasonable attorney's fee and other litigation costs reasonably incurred.

to award damages under 18 U.S.C. § 2520(c)(2) is further elucidated by comparing the language of the present Act to the language of the Act prior to its amendment in 1986. In amending the relevant portion of the statute, Congress changed the verb form in the language of 18 U.S.C. § 2520 with respect to an award of statutory damages from the mandatory to the permissive. Prior to amendment, the statute provided that:

Any person whose [electronic] communication ·is intercepted, disclosed, or used in violation of this chapter *shall ... be entitled to recover from [the violator] ... actual damages but not less than liquidated damages* computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher....

18 U.S.C.A. § 2520 (West 1970) (emphasis added). In 1986, Congress increased the statutory damage amount to $10,000, mandated reduced penalties for certain private satellite video and radio communication interception, and changed the mandatory language in the former § 2520 to the permissive language found in the present § 2520(c)(2):

In any other action under this section [other than actions based on certain satellite or radio interceptions], *the court may assess as damages* whichever is the greater of—

(A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or

(B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000.

(Emphasis added). When the wording of an amended statute differs in substance from the wording of the statute prior to amendment, we can only conclude that Congress intended the amended statute to have a different meaning. *See, e.g., Muscogee (Creek) Nation v. Hodel,* 851 F.2d 1439, 1444 (D.C.Cir.1988), *cert. denied,* 488 U.S. 1010, 109 S.Ct. 795, 102 L.Ed.2d 786 (1989). And when the change in the language of the relevant provision from "shall" to "may" is clear, the plain meaning of this amendment should be considered conclusive, except in

the rare case in which the literal application of the statute will provide a result demonstrably at odds with congressional intent. *See United States v. Ron Pair Enterprises,* 489 U.S. 235, 242, 109 S.Ct. 1026, 1030–31, 103 L.Ed.2d 290 (1989). Because appellants have failed to demonstrate that giving a permissive meaning to the word "may" in the amended Act is in conflict with Congress' intent in amending it, we conclude that the change in the relevant language of 18 U.S.C. § 2520 from the mandatory to the permissive verb form indicates that Congress intended to confer upon district courts the discretion to decline to award damages in applying § 2520(c)(2).

In response to these points, appellants direct our attention to 18 U.S.C. § 2511, which provides that "any person who ... intentionally discloses ... to any other person the contents of any ... electronic communication ... *shall be punished* ... or shall be subject to suit...." 18 U.S.C. § 2511(1) (emphasis added). They argue from this language that some amount of damages, at least $10,000 if no actual damages are proved, must be awarded where a violation of the Act has been established. A closer reading of § 2511, however, reveals that it does not mandate that every violator of the Act be punished, but rather that every violator "shall be punished" *or* "shall be subject to suit" under the Act. Since Patsy Nalley was subjected to suit under the Act, the disjunctive mandate of § 2511 is satisfied, moving the question back to whether the district court had discretion under 18 U.S.C. § 2520(c)(2) not to award damages to plaintiffs.

Appellants also argue that Congress' intent to mandate a damage award in the circumstances of this case can be deduced from its delineation of only one limited exception to the minimum statutory damages provision of § 2520(c)(2). They note that § 2520(c)(1) specifically mandates less severe damages for violations involving the private viewing of certain private satellite video communications or the interception of certain radio communications.[2] Thus, by carving out

**2.** 18 U.S.C. § 2520(c) provides:

(1) In an action under this section, if the con-

duct in violation of this chapter is the private

a specific exception in § 2520(c)(1) to the general provision of minimum statutory damages in § 2520(c)(2), appellants argue, Congress manifested an intent to withhold from courts the discretion to award reduced damages in other types of cases.

To buttress their argument, appellants refer us to *Rodgers v. Wood,* 910 F.2d 444 (7th Cir.1990), which held that district courts do not have the discretion to decline to award damages under § 2520(c)(2) of the Act. The *Rodgers* court found that "[t]he fact that Congress chose to address concerns about the severity of the new penalty structure [when it increased statutory damages from $1,000 to $10,000] by creating a specific exception for certain actions suggests that Congress intended to limit the types of violations for which the penalties could be avoided." *Id.* at 448. The court concluded that the delineation of the specific exception in § 2520(c)(1) "conflicts with and ultimately defeats an inference that Congress intended to grant district courts the discretion to decide the cases in which the more severe penalties should attach." *Id.* We do not find this argument compelling. Rather, we believe that in amending the Act, Congress could just as well have intended to grant district courts the discretion to accord similar leniency toward other less serious violators of the Act. *See Shaver v. Shaver,* 799 F.Supp. 576, 580 (E.D.N.C.1992) ("it is not reasonable to expect Congress to enumerate in [§ 2520 of] the statute every possible situation in which a lesser amount of damages would be appropriate"). Thus, we decline to adopt appellants' interpretation which would be in direct conflict with the distinction manifested in Congress' use of contrasting verb forms—a distinction that was made between the former Act and its 1986 amendment, as well as

between § 2520(c)(1) and § 2520(c)(2) of the present Act.

Finally, appellants argue that an interpretation which grants district courts discretion to decline to award damages under the circumstances of this case in effect judicially would engraft a domestic relations exception to the damages provisions of the Act. Such an exception, they note, would directly contravene this court's decision in *Pritchard v. Pritchard,* 732 F.2d 372 (4th Cir.1984), which expressly refused to create a domestic relations exception to an earlier version of the Act. Reviewing the Act's legislative history, the *Pritchard* court observed that several legislators specifically stated that the Act was intended to encompass acts of wiretapping incident to divorce litigation, which was one of the primary areas in which private electronic surveillance was widespread. *Id.* at 374. Appellants thus argue that our affirmance of the district court would create a conflict with the holding of *Pritchard.*

This argument fails to anticipate the bases for our holding in this case. Our holding that the Act grants district courts the discretion to decline to award statutory damages under 18 U.S.C. § 2520(c)(2) neither depends on nor is limited to the domestic relations context. It is quite plausible that, in the exercise of its discretion, a district court might find that an egregious violation of the Act incident to divorce litigation might merit the award of statutory damages of $10,000, while a *de minimis* violation in a context other than domestic relations might not merit an award of any damages.

■ In exercising discretion not to make an award, the district court found that Patsy Nalley's violation was *de minimis,* resulting

---

viewing of a private satellite video communication that is not scrambled or encrypted or if the communication is a radio communication that is transmitted on [certain] frequencies ... that is not scrambled or encrypted and the conduct is not for a tortious or illegal purpose or for purposes of direct or indirect commercial advantage or private commercial gain, then *the court shall assess damages as follows:* ... [$50 minimum statutory damages for first offenders and $100 minimum statutory damages for all others].

(2) In any other action under this section, *the court may assess as damages* whichever is the greater of—
    (A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or
    (B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000.
(Emphasis added).

in no financial loss to the plaintiffs and no profit to Patsy Nalley. She played the tape for relevant family members and for her attorney when the tape's contents disclosed that her husband was having an extramarital affair. The district court concluded that making an award in these circumstances "would serve no purpose." We find that the district court did not abuse its discretion in these circumstances. *See Reynolds v. Spears,* 857 F.Supp. 1341, 1348 (W.D. Ark. 1994) (relying on factors of no actual damage, a minor intrusion of privacy, the relative financial burdens on the parties, and a reasonable purpose for the disclosure to inform discretion not to make an award under § 2520(c)(2)). *See also Shaver v. Shaver,* 799 F.Supp. 576, 580 (E.D.N.C.1992) (relying on factors of *de minimis* violation, financial circumstances of the defendant, and the absence of any useful purpose for imposing statutory amount to justify denying damages).

Accordingly, we affirm the judgment of the district court.

*AFFIRMED.*