Kristi J. CULBERTSON; Marilyn Sue Jones, Plaintiffs–Appellants,

v.

Thomas E. CULBERTSON; Benjamin H. Culbertson, Defendants–Appellees.

Kristi J. CULBERTSON; Marilyn Sue Jones, Plaintiffs–Appellees,

v.

Benjamin H. CULBERTSON, Defendant–Appellant,

and

Thomas E. Culbertson, Defendant.

Nos. 95–1150, 95–1151.

United States Court of Appeals, Fourth Circuit.

Argued July 10, 1995.

Decided May 8, 1998.

---

**ARGUED:** William Elvin Hopkins, Jr., McCutchen, Blanton, Rhodes & Johnson, Columbia, SC, for Appellants. Claude Hamilton Howe, III, Clinton, SC, for Appellee Thomas Culbertson; Kenneth C. Anthony, Jr., Spartanburg, SC, for Appellee Benjamin Culbertson. **ON BRIEF:** Debra Y. Chapman, Columbia, SC, for Appellants.

Before RUSSELL* and WIDENER, Circuit Judges, and HALL, Senior Circuit Judge.

## OPINION

WIDENER, Circuit Judge:

Kristi J. Culbertson and her mother, Marilyn Sue Jones, sued Kristi's former husband Thomas E. Culbertson and his brother, Benjamin Culbertson, alleging a violation of 18 U.S.C. § 2520. On cross motions for summary judgment, the district court ruled that the defendants violated the statute, but declined to award compensatory damages.

Plaintiffs appeal this denial of damages, and we affirm. In addition, the district court ordered defendant Benjamin Culbertson to pay a portion of plaintiffs' attorney's fees, from which he cross appeals, and we reverse.

Thomas Culbertson, by his brother Benjamin Culbertson, an attorney, filed a divorce action on August 5, 1993 on grounds of Kristi Culbertson's adultery. Attached to her Answer and Counterclaim, Kristi appended an affidavit stating that she was not involved in an adulterous affair. On August 23, 1993, the family court conducted a hearing regarding temporary custody of the Culbertsons' minor daughter. At the hearing, in response to Kristi's affidavit which was before the court and which denied adultery, Benjamin offered Thomas's affidavit, including transcripts of telephone conversations taped by Thomas that revealed Kristi's adulterous activity. It appears that at the time of this submission, Benjamin was aware of the statute and the Fourth Circuit's opinion in *Pritchard v. Pritchard,* 732 F.2d 372 (4th Cir.1984) (holding that there is no spousal exception to the statute). Kristi's counsel objected to the introduction of the transcripts. The family court did not rule on the admissibility of the transcripts, but scheduled a subsequent hearing.

After the August 23, 1993 hearing, Kristi filed a Supplemental Answer and Counterclaim. With this filing, Kristi attached an affidavit admitting that she had been involved in an adulterous affair, but was no longer. In addition, the United States Attorney's office, which had been advised of the tapes by Kristi's counsel, warned Benjamin that the taping and use of the transcripts could be illegal and that he was being reported to the F.B.I. Also, the U.S. Attorney's office wrote to the family court judge, apparently taking Kristi's side of the argument. On September 13, 1993, the family court held the second hearing. The family court ruled that the transcripts were inadmissible under "the United States Code and the relevant Fourth Circuit cases." Eventually, the divorce case was settled. Kristi, along with her mother, then filed this action. We have jurisdiction pursuant to 28 U.S.C. § 1291.

---

* Judge Russell heard oral argument in this case but died prior to the time the decision was filed.

The decision is filed by a quorum of the panel. 28 U.S.C. § 46(d).

Plaintiffs contend that the damages provision of the statute, 18 U.S.C. § 2520(c)(2), did not afford the district court discretion to refuse to award statutory damages. This court addressed this issue in *Nalley v. Nalley*, 53 F.3d 649 (4th Cir.1995).[1] In *Nalley*, Mrs. Nalley received, from an anonymous donor, an audio tape of a telephone conversation that revealed that her husband was having an affair with one Joyce Blanton. Mrs. Nalley played the tape for her children, Mrs. Blanton's husband, and for her attorney in preparation for a divorce action. Mr. Nalley and Mrs. Blanton sued Mrs. Nalley for disclosing the contents of the telephone conversation in violation of the statute. We held that the decision to award damages lay in the district court's discretion and affirmed the court's exercise of its discretion in denying damages on the ground that Mrs. Nalley's violation was *de minimis* and resulted in no profit to her and no financial loss to Mr. Nalley or his paramour. *Nalley*, 53 F.3d at 653–54. We are of opinion that there is no meaningful distinction between *Nalley* and the present case. Accordingly, it was within the discretion of the district court to deny the plaintiffs' damages. We are of opinion the district court did not abuse its discretion.

We now turn to Benjamin Culbertson's cross appeal. The district court found Benjamin liable for violating the statute because he knew that taping the conversation was illegal and still "chose to submit the transcripts of the illegal tapes to the family court." In essence, the district court did not allow the taped conversations to be used to impeach Kristi Culbertson's denial of adultery because that denial was in the form of an affidavit rather than oral testimony from the witness stand. The district court held that "[c]ourts have allowed the admission of illegally seized evidence only after a witness has taken the stand and perjured herself on direct or cross examination. Here the transcript of the telephone conversations was not used to impeach anyone's testimony." Consequently, the district court ordered that Benjamin pay a part of the plaintiffs' attor-

ney's fees pursuant to 18 U.S.C. § 2520(b)(3). We review that order for abuse of discretion. 18 U.S.C. § 2520(b)(3).

The district court is correct in its conclusion that courts recognize that an illegally taped conversation is admissible for impeachment. Two of our sister circuits have considered the issue and reached such a conclusion. In *United States v. Caron*, 474 F.2d 506 (5th Cir.1973), a criminal defendant denied during cross examination that he was engaged in bookmaking. In rebuttal and for impeachment purposes, the government sought to introduce, without a prior evidentiary hearing, taped conversations of the defendant which indicated his involvement in bookmaking. The Fifth Circuit held that in light of *Walder v. United States*, 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. 503 (1954) (holding that evidence seized in violation of a defendant's Fourth Amendment rights was admissible for purposes of impeachment), that even if the wire tap had been illegal, the district court properly permitted introduction of the taped conversations because they were used for impeachment purposes. Moreover, it held that the rule regarding use of illegally seized evidence for purposes of impeachment was not altered by 18 U.S.C. § 2515.[2]

The Ninth Circuit also has addressed the issue of whether evidence obtained through an illegal wire tap may be admitted for purposes of impeachment. In *United States v. Echavarria–Olarte*, 904 F.2d 1391 (9th Cir. 1990), the government obtained permission from a district court to tap the telephones of two conspirators in a cocaine smuggling conspiracy. At the trial of a third conspirator, the defendant moved for the suppression of conversations recorded by the wiretaps, which the court denied. On appeal, the Ninth Circuit affirmed the validity of the wiretap. But that court also held that even if the wiretaps had been illegal, "they were, to the extent that they contradicted statements made on direct examination, admissi-

---

**1.** *Nalley* was decided May 17, 1995, after the briefs in this case were filed.

**2.** The language of 18 U.S.C. § 2515 is, in pertinent part, "Whenever any wire or oral communication has been intercepted, no part of the con-

tents of such communication and no evidence derived therefrom may be received in evidence at any trial ... if the disclosure of that information would be in violation of this subchapter."

ble for impeachment purposes." *Echavarria–Olarte*, 904 F.2d at 1397.[3]

We are of opinion that the present case is similar to *Caron* and *Echavarria–Olarte*. The only distinction is that in those two cases the illegally obtained evidence was used to impeach the defendant's in-court oral testimony, but our case involves impeachment of a witness's evidence presented to the court in an affidavit. This distinction is legally insignificant. Both an affidavit and in-court testimony are evidence presented for the truth of the matter asserted. Both statements are equally subject to impeachment by other evidence.

Finally, we note that the opinion of the South Carolina Court of Appeals regarding this issue was controlling in the family court at the time of the South Carolina family court proceeding that is the subject matter of this case. In *Nash v. Byrd*, 298 S.C. 530, 381 S.E.2d 913, 916 (1989), the court held that the statute "was not intended to prevent the use of illegally obtained recordings of telephone conversations for impeachment purposes."[4] Absent controlling authority, we are of opinion it is "reasonable and appropriate" for an attorney, such as Benjamin Culbertson, to rely upon a decision "issued from within the state in which he practice[s] law." See *Rice v. Rice*, 951 F.2d 942, 945 (8th Cir.1991) (decision of federal district courts within the State).

Because federal law allows, and state law at the time of the South Carolina family court proceeding allowed, the use of illegally obtained telephone conversations for impeachment purposes, Benjamin Culbertson's submission of transcripts of the conversations was not improper. Accordingly, the district court abused its discretion in ordering him to pay a part of plaintiffs' attorney's fees pursuant to 18 U.S.C. § 2520(b)(3).

Accordingly, the judgment of the district court is affirmed with regard to its decision

not to award compensatory damages to the plaintiffs, and reversed with regard to its order requiring Benjamin Culbertson to pay a part of the plaintiffs' attorney's fees.

*AFFIRMED IN PART, REVERSED IN PART.*

---

**3.** Accord: *Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971) (holding that a confession obtained in violation of *Miranda* was admissible for impeachment).

**4.** Plaintiffs contend an unpublished district court opinion, *Rowland v. Carter*, No. 3:92–1596–17

(D.S.C. May 6, 1993), superseded *Nash*. *Rowland* held that the evidence presented was not impeaching evidence and so is not in point. But, in all events, so far as *Rowland* may be inconsistent with this opinion, it no longer is authoritative in this circuit.